UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Erron Omar Shepherd, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case: 1:16-cv-02172 |
| v. ) | Assigned To : Unassigned |
| ) | Assign. Date : 10/31/2016 |
| U.S. District Court for the ) | Description: Pro Se Gen. Civil |
| Southern District of Texas, ) | |
| ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* submission and application for leave to proceed *in forma pauperis*. The application will be granted and the case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires dismissal of a prisoner's complaint upon a determination that it, among other grounds, is frivolous.

Plaintiff, proceeding *pro se*, is a prisoner at the Federal Correctional Institution in Yazoo, Mississippi. He has submitted a document captioned "Letter of Rogatory for Special Instruction," which is construed liberally as a complaint. The named defendant is the federal court in Texas where plaintiff was convicted. *See* Compl. Attachment (Judgment). Plaintiff begins that he "has brought forth the . . . Judgment and Commitment Order . . . for special deposit to the U.S. Department of the Treasury and or the Clerk of Court in the . . . Southern District of Texas . . . to settle and close the referenced instrument account number," which is his criminal case number. Compl. at 1.

Letters rogatory are tools for obtaining discovery for use in foreign or international tribunals. Section 1782 of Title 28 of the United States Code "provides a mechanism for [those]

1

tribunals, or persons interested in proceedings before such tribunals, to enlist the federal courts to acquire testimony, documents, or other items[.]" *Al Fayed v. CIA*, 229 F.3d 272, 273 (D.C. Cir. 2000); *see Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011) (noting that section 1782 "authorizes the district court, in its discretion, to 'order [a person within its reach] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation") (quoting 28 U.S.C. § 1782(a)).

The instant complaint does not pertain to a foreign proceeding, and the defendant federal court is not an entity that is subject to subpoena under § 1782. *Cf. Al Fayed*, 229 F.3d at 273-74 (interpreting "person" as used in § 1782 as excluding the federal government). In other words, this action "indisputably" lacks "an arguable basis in law and fact" and thus is subject to dismissal as frivolous. *Brandon v. District of Columbia Bd. of Parole*, 734 F.2d 56, 59 (D.C. Cir. 1984). A separate Order accompanies this Memorandum Opinion.

Date: October 28, 2016

/s/ _____
United States District Judge